IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY REICHERT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| VALENTINE & KEBARTAS, INC., | )   DEMAND FOR JURY TRIAL |
| | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JEFFREY REICHERT, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, VALENTINE & KEBARTAS, INC., Plaintiff states as follows:

### I.  PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II.  JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III.  PARTIES

4. JEFFREY REICHERT, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Omaha, County of Douglas, State of Nebraska.

5. VALENTINE & KEBARTAS, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Nebraska. Defendant is incorporated in the State of Massachusetts.

1

6. In its dealings with Plaintiff, Defendant held itself out as being a company collecting a debt allegedly owed by Plaintiff to Barclays Bank Delaware.

7. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

8. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

### IV. ALLEGATIONS

9. On or before January 29, 2010, Plaintiff allegedly owed a debt to Barclays Bank Delaware.

10. The debt allegedly owed by Plaintiff was incurred primarily for personal, family, or household services.

11. On or about January 29, 2010, Plaintiff settled the alleged debt with Plaza Associates.

12. On or about February 2, 2010, Ms. Beth Rabel, Defendant's duly authorized agent, initiated a telephone call to Plaintiff in an attempt to collect the debt allegedly owed by Plaintiff to Barclays Bank Delaware.

13. During the aforementioned telephone conversation, Plaintiff told Defendant that he had already settled the alleged debt with Plaza Associates.

14. During the aforementioned telephone conversation, despite Plaintiff's statement that the alleged debt had been settled, Defendant told Plaintiff that he still owed the alleged debt.

15. During the aforementioned telephone conversation, Defendant stated that despite the fact that Plaintiff settled the debt, Defendant could still collect from Plaintiff the debt he allegedly owed.

16. During the aforementioned telephone conversation, Plaintiff was not informed that Defendant was a debt collector, that Defendant was attempting to collect a debt and that any information obtained would be used for that purpose until the end of the telephone conversation.

17. On or about February 9, 2010, Plaintiff received correspondence from Plaza Associates confirming that Plaintiff had settled the debt allegedly owed to Barclays Bank Delaware.

18. On or about February 10, 2010, Jamie, Defendant's duly authorized agent, engaged in a telephone conversation with Plaintiff.

19. During the aforementioned telephone conversation, Plaintiff again told Defendant that he had already settled the alleged debt with Plaza Associates.

20. During the aforementioned telephone conversation, Defendant stated that it would continue to collect from Plaintiff the debt he allegedly owed.

21. During the aforementioned telephone conversation, Defendant told Plaintiff that his credit score would decrease by twelve (12) points if he failed to pay the debt he allegedly owed.

22. During the aforementioned telephone conversation, Defendant told Plaintiff that he would face negative tax consequences at the end of the year if he failed to pay the debt he allegedly owed.

23. Despite Defendant having contact with Plaintiff and being cognizant of Plaintiff's location, during the aforementioned telephone conversation, Defendant told Plaintiff that it would contact Plaintiff's neighbors if he failed to pay the debt he allegedly owed.

24. During the aforementioned telephone conversation, Defendant told Plaintiff it was his responsibility to determine why the alleged debt was mistakenly sent to Defendant.

25. During the aforementioned telephone conversation, Defendant intentionally disconnected the call with Plaintiff.

26. During the aforementioned telephone conversation, Defendant failed to advise Plaintiff that it was a debt collector, that it was attempting to collect a debt and that any information obtained would be used for that purpose.

27. Defendant has not provided to Plaintiff, within five (5) days of its initial communication to collect the alleged debt, with written confirmation of the amount of the debt, the name of the creditor to whom the debt is allegedly owed or a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

28. In its attempts to collect the debt allegedly owed by Plaintiff to Barclays Bank Delaware, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used obscene or profane language or language the natural consequence of which is to abuse the hearer or reader in violation of 15 U.S.C. §1692d(2);

   c. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   d. Falsely represented the character, amount, or legal status of any debt in violation of 15 U.S.C. §1692e(2)(A);

   e. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

   f. Failed to disclose in communications that said communication was from a debt collector and that any information obtained during the communication

      will be used for the purpose of collecting a debt in violation of 15 U.S.C. §1692e(11);

    g. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

    h. Failed to comply with the provisions of 15 U.S.C. §1692g(a); and,

    i. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

29. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND & TRIAL LOCATION

30. Plaintiff hereby demands a trial by jury on all issues so triable.

31. The Plaintiff, JEFFREY REICHERT, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and pursuant to Nebraska Civil rule 40.1(b), hereby respectfully requests that the trial of this matter proceed in either Omaha or Lincoln.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JEFFREY REICHERT, by and through his attorneys, respectfully prays for judgment as follows:

    a. All actual compensatory damages suffered;

    b. Statutory damages of $1,000.00;

    c. Plaintiff's attorneys' fees and costs;

    d. Any other relief deemed appropriate by this Honorable Court.

                        Respectfully submitted,
                        **JEFFREY REICHERT**

                  By:   s/ David M. Marco
                        Attorney for Plaintiff

Dated: April 9, 2010

David M. Marco (Atty. No.: 6273315)
LARRY P. SMITH & ASSOCIATES, LTD.
205 North Michigan Avenue, 40th Floor
Chicago, IL 60601
Telephone: (312) 222-9028 (x812)
Facsimile: (888) 418-1277
E-Mail: dmarco@smithlaw.us